UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN KEENER,

        Plaintiff,

vs.                      Case No. 2:04-cv-562-FtM-29SPC

UTILX CORPORATION,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on review of the file. On November 15, 2004, defendant removed this case from the Twentieth Judicial Circuit Court, in and for Charlotte County, by way of a Notice of Removal (Doc. #1). On December 15, 2004, plaintiff filed an Objection (Doc. #11), which the Court will construe as a motion to remand and address accordingly.

     A state court action may be removed to a federal court if it is a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). Such original jurisdiction includes diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332; Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). On a motion to

remand, the party seeking to invoke federal jurisdiction bears the burden of establishing the jurisdiction of the federal court. <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001)(citing <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Diversity jurisdiction must be shown to have existed as of the date of removal. <u>Leonard v. Enterprise Rent A Car</u>, 279 F.3d 967, 972 (11th Cir. 2002); <u>Sierminski v. Transouth Fin. Corp.</u>, 216 F.3d 945, 949 (11th Cir. 2000).

The Complaint and Demand for Jury Trial (Doc. #2) alleges that plaintiff is a citizen of Rotunda West, Florida, and that defendant is a foreign corporation authorized and doing business in Florida. Plaintiff seeks damages exceeding $250,000 for alleged violations of the Florida Civil Rights Act for age discrimination and plaintiff's "unlawful" discharge. Defendant argues that jurisdiction exists because it is a limited liability corporation incorporated in Delaware with its principal place of business in Washington and that plaintiff expressly seeks in excess of $75,000. (Doc. #1).

Plaintiff does not deny that the Court has diversity jurisdiction in this matter. Rather, plaintiff asks that the Court exercise its discretionary authority and remand the case. Section 1332 clearly states that the "district courts *shall* have original jurisdiction" over diversity cases. 28 U.S.C. § 1332(a)(emphasis added). Under § 1441, civil actions for which district courts have original jurisdiction "shall be removable." 28 U.S.C. § 1441(b).

The Court finds that it has jurisdiction over this matter, and that the discretionary authority of ancillary or supplemental jurisdiction does not apply to this case. See 28 U.S.C. § 1367(a).

Accordingly, it is now

**ORDERED**:

Plaintiff's Objection (Doc. #11), which the Court will construe as a motion to remand, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of June, 2005.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record